SUMMARY ORDER

Anzou Kone, a native and citizen of Cote d’Ivoire, seeks review of a March 31, 2008 order of the BIA, affirming the December 7, 2006 decision of Immigration Judge (“IJ”) Jeffrey S. Chase, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Anzou Kone, No. A098 647 863 (B.I.A. Mar. 31, 2008), aff'g No. A098 647 863 (Immig. Ct. N.Y. City Dec. 7, 2006). We assume the *671 parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the agency’s adverse credibility determination. The agency reasonably relied on material discrepancies between Kone’s testimony and his documentary evidence. See Secaida-Rosales v. INS, 331 F.3d 297, 308 (2d Cir.2003). Specifically: (1) Kone testified that his father was killed on September 10, 2002, while the death certificate indicated that his father died on October 17, 2002; (2) Kone testified that the doctor evaluated his injuries using only a stethoscope, while Kone’s medical certificate referred to a CAT scan; (3) Kone testified that his arm had been burned, while the medical certificate stated that his arm had been fractured; and (4) when confronted with the certificate, Kone testified that his right arm had been broken, while the certificate referred to his left arm.
While minor discrepancies in dates may be insufficient to support an adverse credibility finding, see Moussa Diallo v. INS, 232 F.3d 279, 288 (2d Cir.2000), the timing of Kone’s detention and his father’s death went to the heart of his claim for asylum. The agency therefore reasonably relied (in part) on the date inconsistency to question Kone’s credibility, see Secaida-Rosales, 331 F.3d at 308-09; see also Pavlova v. INS, 441 F.3d 82, 90 (2d Cir.2006). The IJ also reasonably relied on inconsistencies relating to Kone’s alleged injuries because these inconsistencies were substantial insofar as they concerned his allegation of past harm. See Secaida-Rosales, 331 F.3d at 308. Kone’s explanations for these discrepancies were not such as to compel a reasonable fact-finder to credit his testimony. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Because the agency’s adverse credibility determination was supported by substantial evidence, it reasonably denied Kone’s applications for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Kone abandons any challenge to the agency’s denial of his application for CAT relief by failing to raise such a challenge in his brief to this Court.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).