08-4057-ag
Barry v. Holder

BIA
Chew, IJ
A095 361 570

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of January, two thousand ten.

PRESENT:
ROBERT D. SACK,
ROBERT A. KATZMANN,
*Circuit Judges*,
DENNY CHIN,
*District Judge.*[1]

_____

BAHIRU BARRY,
*Petitioner*,

v.                                        08-4057-ag

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,[2]
*Respondent*.

_____

[1] Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

[2] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:          Gerald Karikari, New York, N.Y.

FOR RESPONDENT:          Brendan P. Hogan (Michael F. Hertz,
                         Acting Assistant Attorney General,
                         Cindy S. Ferrier, Senior Litigation
                         Counsel, *on the brief*), Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.


UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Bahiru Barry, a native and citizen of Sierra Leone, seeks review of a July 21, 2008 order of the BIA affirming the October 24, 2005 decision of Immigration Judge ("IJ") George T. Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bahiru Barry*, No. A095 361 570 (B.I.A. July 21, 2008), *aff'g* No. A095 361 570 (Immig. Ct. N.Y. City Oct. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.[3]

_____

[3] Although we allowed petitioner's counsel to submit an amended brief, we are troubled by the poor quality of the brief he filed in the first instance. Petitioner is a native of Sierra Leone and alleges persecution on account of political opinion. Counsel's initial brief,

2

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).  We review *de novo* questions of law and the application of law to undisputed fact.  *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).  Because Barry filed his asylum application before May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 do not apply to his asylum application.  *See* Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).  In pre-REAL ID Act cases, an adverse credibility determination must "bear a legitimate nexus" to the applicant's asylum claim.  *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

---

however, referred to an individual from China who alleged persecution on account of religion.  The use of boilerplate language is an acceptable, even desirable, component of legal writing.  However, counsel's initial brief contained passages that referred to another individual's asylum claim.  Briefing of this sort is unacceptable.  Should counsel submit briefs of this quality in the future, he will be referred to the Court's Grievance Panel.

As an initial matter, we decline to consider Barry's unexhausted assertion that his limited education and command of the English language explain the inconsistent testimony that he offered below. *Cf. Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Although Barry offered that explanation before the IJ, he did not do so before the BIA, claiming instead that he had post-traumatic stress disorder. Barry cannot now assert his limited education argument because the BIA never had the opportunity to consider it.[4] *See id.* Furthermore, as the Government asserts, because Barry fails to challenge in his brief the BIA's rejection of his argument that translation errors account for the discrepancies, we deem that argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005).

The Government further argues that we should decline to review Barry's argument that the discrepancies the IJ identified were too minor to support an adverse credibility determination because Barry failed to raise this argument before the BIA. It is well established, however, that where

---

[4] Barry no longer asserts that "mental defect" caused him to testify inconsistently, and does not challenge the BIA's refusal to consider that argument for the first time on appeal.

the BIA addresses claims or issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006) (per curiam); *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994). Here, the BIA explicitly found that the "identified discrepancies . . . go to the heart of [Barry's] asylum claim," thus permitting us to consider Barry's arguments in this respect on appeal.

Under the substantial evidence standard, we are required to treat the IJ's factual findings, including his adverse credibility determinations, as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic*, 519 F.3d at 95. Here, it is undisputed that Barry testified that his father was murdered on February 9, 1999, but later stated on cross-examination that the murder occurred on February 19 of that year. Barry also submitted documentary evidence indicating that his father died on February 4, 1999, while his original and supplemental asylum applications stated that his father died on January 6, 1999. The BIA concluded that these discrepancies went "to the heart of [Barry's] asylum claim," and that Barry failed to "provide a sufficient explanation on appeal."

Barry here argues that these discrepancies were minor, and thus insufficient to support the IJ's adverse credibility determination, particularly given that the incident occurred over ten years ago, and, at most, involved a six-week discrepancy.  These arguments are not without some force.  Indeed, we have previously observed that "[w]here an applicant's testimony is generally consistent, rational, and believable," certain disparities, including a six-month discrepancy as to the date of arrest, "need not be fatal to credibility, especially if the errors are relatively minor and isolated."  *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000).  Nothing in the record indicates that Barry had any motivation to lie as to the date of his father's death, and it strains credulity that he would intentionally do so in the face of contradictory documentary evidence.

In the end, though, we cannot conclude that the IJ erred in making its adverse credibility determination.  Specifically, as noted, the IJ identified multiple discrepancies as to the timing of the one event at the heart of Barry's claim – his father's murder.  The IJ concluded that these discrepancies were neither "isolated" nor "minor," and a reasonable adjudicator would not be compelled to conclude to the contrary.

Indeed, the IJ was required to evaluate the date discrepancies in the context of the time period in which they occurred, and in light of the existence (or lack thereof) of other events relevant to Barry's application. *Alvardo-Carillo v. INS*, 251 F.3d 44, 51 (2d Cir. 2001). Where, as here, the date discrepancies relate to the sole event cited in support of a petitioner's asylum application, we cannot conclude, under the applicable standard of review, that it was unreasonable for the IJ to determine that such discrepancies are sufficient to support an adverse credibility determination. *See*, *e.g.*, *Zhou Yun Zhang v. INS*, 386 F.3d 66, 77 (2d Cir. 2004) (noting that date inconsistencies relating to when petitioner learned of "distressing information" are "not the sort of 'minor and isolated' discrepancies so plainly immaterial" to an asylum claim); *see also Kone v. Holder*, 08-1901-ag, 2009 U.S. App. LEXIS 22492, at *2-3 (2d Cir. Oct. 14, 2009) (summary order) (finding that one-month discrepancy in dates provided support for the IJ's adverse credibility finding, where "the timing of [petitioner's] detention and his father's death went to the heart of his claim for asylum").

Because the only evidence of a threat to Barry's life or freedom depends upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

8